**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 03-1268**

—————

ANTONIA IBARRA,

                                                        Petitioner,

        versus

JOHN ASHCROFT, U.S. Attorney General,

                                                        Respondent.

—————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A71-798-936)

—————

Submitted:  September 16, 2003        Decided:  October 7, 2003

—————

Before WIDENER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————

Petition denied by unpublished per curiam opinion.

—————

Donald L. Schlemmer, Washington, D.C., for Petitioner.  Peter D.
Keisler, Assistant Attorney General, Robert M. Loeb, Alisa B.
Klein, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

—————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Antonia Ibarra, a native and citizen of Bolivia, petitions for review from an order of the Board of Immigration Appeals. We have reviewed the record provided by the parties and the decision of the Board.

Ibarra claims the Board abused its discretion by not finding she had established a well-founded fear of persecution. She further claims the Board erred by finding she had not met her burden of proof. A determination that an alien is not eligible for asylum must be upheld unless that determination is "manifestly contrary to law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). This Court will reverse the Board "only if 'the evidence presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Huaman-Cornelio, 979 F.2d at 999 (internal quotation marks omitted)). We find the evidence does not compel a contrary finding. Accordingly, we find Ibarra failure to establish eligibility for asylum.

The standard for receiving withholding of removal is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). As Ibarra failed to establish

entitlement to asylum, she cannot satisfy the higher standard for withholding of removal.

We accordingly deny the petition for review. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>
